IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:26-MJ-226 |
| | § | |
| JOSEPH DALTON BOWMAN | § | |

## GOVERNMENT'S EMERGENCY MOTION TO STAY THE MIDDLE DISTRICT OF TENNESSEE MAGISTRATE JUDGE'S ORDER OF PRETRIAL RELEASE

The United States files this emergency motion to stay the order of pretrial release entered in the Middle District of Tennessee by U.S. Magistrate Judge Barbara Holmes in this cause, and to order the temporary detention of Defendant Joseph Dalton Bowman pending *de novo* review of the release order by this Court pursuant to 18 U.S.C. § 3145(a)(1).

### A.  Proceedings

On June 10, 2026, the Court entered a complaint charging Bowman with enticement of a minor in violation of 18 U.S.C. § 2422.  Bowman was arrested in the Middle District of Tennessee by Homeland Security agents on June 15, 2026. He was brought before Judge Barbara Holmes in the Middle District of Tennessee for an initial appearance and arraignment. The government moved for detention, and Judge Holmes remanded Bowman to U.S. Marshal custody until a detention hearing could be held on Thursday, June 18, 2026.

On Thursday, June 18, 2026, at a detention hearing where Judge Holmes heard proffered evidence from the government, Judge Holmes ordered Bowman's release on

**Government's Emergency Motion to Stay**
**Magistrate Judge's Order of Pretrial Release - Page 1**

bond and imposed standard conditions. Judge Holmes entered an order of release.

### B. Appeal of Detention

18 U.S.C. § 3145 permits appeal by either side from a magistrate judge's order to the court having original jurisdiction over the offense. In the Fifth Circuit, the district judge acts *de novo* and "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)).

### C. Law Governing Detention: 18 U.S.C. § 3142(f)(1) or (f)(2)

The Bail Reform Act, 18 U.S.C. § 3142, governs the detention of defendants. Under 3142(e)(3) it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed (E) an offense involving a minor victim under section . . . 2251, . . . 2422 . . . of this title.

The government may move for detention under § 3142(f)(1) or § 3142 (f)(2). Under subsection (f)(1), the government may seek detention in cases where the defendant has been charged with certain crimes, including, as relevant to the pending case: a felony that is not otherwise a crime of violence that involves a minor victim. 18 U.S.C. § 3142(f)(1). Under subsection (f)(2), the government may seek detention in a case that involves either "A) serious risk that [the defendant] will flee; or B) a serious risk that [the defendant] will obstruct or attempt to obstruct justice…." 18 U.S.C. § 3142(f)(2).

A judicial officer may order a defendant detained pending trial upon a finding that the government has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person. *Fortna*, 769 F.2d at 250; *United States v. McConnell*, 842 F.2d 105 (5th Cir. 1988). By contrast, the government's burden of proof changes to clear and convincing in a case where the government argues the defendant should be detained because he is a danger to the community. 18 U.S.C. § 3142(f)(2)(B).

In making the detention determination, the court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3141(g).

**D. Detention Under (f)(1): The Preponderance of the Evidence Supports Detaining Bowman**

Here, the Government seeks detention under Section 3142(e)(3)(E), (f)(1)(E), and (f)(2) on the grounds that this is a presumption case involving the coercion and enticement of a minor to produce child pornography and Bowman poses a serious flight risk as well as for the safety of the community.

Bowman has no ties to the Eastern District of Texas other than the offense and the pending charge. Bowman, using electronic communications, did persuade, induce, entice

**Government's Emergency Motion to Stay**
**Magistrate Judge's Order of Pretrial Release - Page 3**

or coerce a person whom he believed to be under the age of 18 years to engage in sexually explicit conduct or a sexual performance, and thereby produce and send him child pornography. Preliminary review of his device shows Bowman persuading, inducing, enticing and coercing multiple juvenile victims across the country to produce child pornography and or engage in criminal sexual activity. Additionally, forensic examination showed Bowman distributing child pornography via the social media application, Telegram. Bowman's electronic devices contained over 20,000 unique child pornography images—meaning images that have not previously been identified as known child pornography by the National Center of Missing and Exploited Children, and thus, quite possibly, new child pornography that he has persuaded, enticed, or coerced from minors across the country to produce.

Bowman is a danger to the community.  Bowman is known to travel frequently and by his own admission he actively seeks out juvenile victims while traveling.  Forensic examination of Bowman's phone reveals a desire to travel to other countries to find children to harm or sexually abuse. Moreover, the pending charge carries a significant sentence including minimum 10 years and up to Life on Count One (coercion and enticement). Based on the foregoing, the government believes it demonstrated to the Magistrate Court, by a preponderance of evidence, that Bowman will attempt to flee or fail to appear for court appearances and, by clear and convincing evidence, that Bowman is a danger to the community.

**Government's Emergency Motion to Stay**
**Magistrate Judge's Order of Pretrial Release - Page 4**

### E.  Conclusion

The government requests that the Court stay the order of pretrial release entered by the magistrate judge in the Middle District of Tennessee and order the temporary detention of Bowman pending *de novo* review of the release order in the Eastern District of Texas.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

 */s/ Calli Bailey*
CALLI BAILEY
Assistant United States Attorney
Texas State Bar No. 24075638
101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
(972) 509-1209 (fax)
E-mail: Calli.Bailey@usdoj.gov